UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                    |   |                           |
|------------------------------------|---|---------------------------|
| LEO G. FARLAND,                    ) |   |                           |
|     Plaintiff, ) |   |                           |
|                                    ) |   |                           |
| vs.                                ) |   | CIVIL ACTION              |
|                                    ) |   | NO. 14-40023-TSH          |
|                                    ) |   |                           |
| JOHN WALL,                         ) |   |                           |
|     Defendant. ) |   |                           |

**MEMORANDUM OF DECISION AND ORDER**
March 12, 2015

**HILLMAN, D.J.**

### Background

Leo G. Farland ("Farland"), proceeding *pro se*, has filed suit against John Wall, Chairman of the Massachusetts Parole Board ("Wall") and the Massachusetts Parole Board ("Board")[1] pursuant to 42 U.S.C. §1983, for violating his Fourteenth Amendment rights by revoking his parole without providing him a fair and proper final revocation hearing. This Order addresses Defendant's Motion To Dismiss Complaint (Docket No. 9), the Motion For Leave To Amend Complaint In Part, *i.e..,* Relief Requested (Docket No. 11), the Motion For The Courts Acceptance Of Exhibits In Support Of Complaint And Memorandum Of Law (Docket No. 14) and Motion

---

[1] Farland has not provided proof that the Board was served with the complaint. Indeed, from the Docket it does not appear that he ever arranged for a summons to be issued with respect to the Board.

Requesting The Court To Take Action And Respond To The Complaint Or Grant Notice Of Voluntary Dismissal (Docket No. 21).

Farland's motion to amend his complaint, which was filed within 21 days of the filing of Wall's motion to dismiss is ***allowed***. *See* Fed.R.Civ.P. 15(a)(1)(B)(plaintiff may amend complaint once as matter of course within twenty-one (21) days after service of responsive pleading).[2] His motion to file the exhibits referred to in his amended complaint is also ***allowed***. For the reasons set forth below, Wall's motion to dismiss is ***allowed***. Accordingly, Farland's motion to requesting the court take action or voluntarily dismiss his complaint is ***denied***, as moot.

## Facts

The following facts relevant to Wall's motion to dismiss are taken from Farland's amended complaint.

On October 5, 2005, Farland was released on parole after being incarcerated for more than thirty-one years on his conviction for second degree murder. On October 24, 2007, the Board imposed two additional special conditions of parole on Farland: he was to have no unsupervised contact with any child under 16 years old, and was to be subjected to random polygraph tests. On August 16, 2010, Farland was arrested, without incident, at his residence by the Haverhill Police Department and charged with two counts of indecent assault and battery on a child under the age of 14 and violating the special parole condition that he have no unsupervised contact with a minor under the age of 16. Farland was incarcerated at MCI Cedar Junction.

On August 23, 2010, Farland's parole was provisionally revoked. His final revocation hearing was continued until after resolution of the criminal charges. On October 9, 2012, a *nolle*

---

[2] Farland's amended complaint is identical to his initial complaint except as to the form of relief sought. Chairman Wall's motion to dismiss for failure to state a claim remains viable as to the amended complaint.

*prosequi* was entered as to the criminal charges after the assistant district attorney determined that it was in the best interest of the alleged victim not to proceed with the prosecution. The Commonwealth has not pursued the criminal charges and appears unlikely to do so.

On October 20, 2012, Farland sent a letter to the Board requesting that a final revocation hearing be held or he be released. On December 18, 2012, Farland received an "Offender Hearing Notice" setting a hearing date for sometime in January 2013. More specifically, the notice stated that a final revocation hearing would be held on January 2, 2013, at NCCI-Gardner (where Farland was apparently being held). The notice indicated that the alleged offenses to be considered were an alleged violation of the special condition that he not have unsupervised contact with a child under the age of 16 and a violation of the condition that he not violate the law. On January 9, 2013, two Board members came to NCCI- Gardner. Farland believed they were on a "fact finding mission hearing." The Board members spoke with Farland for about 30 minutes. He was not permitted an attorney or allowed to present witnesses. No decision was made at the conclusion of the hearing.

On August 12, 2013 and September 16, 2013, Farland wrote letters to the Board seeking information as to the results of the hearing; he asked whether he would be released or have his parole revoked. The Board did not respond to either letter. On December 6, 2013, Farland received a Record of Decision which indicated that a final revocation hearing had been held by the Board at its usual place of business. The decision indicates that a hearing was held on November 19, 2013, and states that "Revocation is affirmed for all violations in the Parole Violation Report." Wall approved the decision. Farland did not attend the November 2013 hearing referred to in the decision.

3

Farland filed an appeal and request for reconsideration of the Board's decision. On December 13, 2013, Farland received notice that he was scheduled for a parole hearing in February 2014. Farland's presence was requested at the hearing unless he wished to waive the hearing. Farland received further notice that the hearing would be held on February 11, 2014 and that it would be a final revocation hearing.

A hearing was held on February 11, 2104. Farland was present at the hearing. Prior to the hearing, he had requested copies of the reports, notes, and evidence from the November 2013 hearing on which the Board based its decision. He did not receive any response. The February 2014 hearing was in fact a parole review hearing and not a final revocation hearing. Farland has never received a response to this appeal/request for reconsideration of the Board's decision to revoke his parole.

## **Discussion**

Farland has filed a Section 1983 claim against Wall for violation of his right under the Fourteenth Amendment not to be deprived of his liberty without due process of law. More specifically, Farland alleges that Wall and the Board: (1) unjustifiably delayed his final parole revocation hearing by thirteen months; (2) violated state and agency regulations when they did not follow the promulgated steps for a final revocation hearing; (3) "deliberately breached an implicit promise of conditional liberty" by revoking his parole even though he had not violated the terms and conditions of his parole; (4) revoked his parole in November 2013 without him being present at the hearing and relied on a parole officer's summary of unverified and unreliable evidence; (5) found him in violation of parole even though he did not admit guilt and was not prosecuted under the indictments out of an Essex County criminal matter; and (6) provided no proof that he was guilty of violating his parole.

Farland requests that the Court issue a declaratory judgment that: Wall and the Board violated the Massachusetts Code of Regulations, the Massachusetts Declaration of Rights and the Fourteenth Amendment to the United States Constitution when they denied him his procedural due process rights in connection with the revocation of his parole; acted arbitrarily, capriciously and with deliberate indifference; caused an unnecessary and unexplained delay in holding his final revocation hearing thirteen months after his initial request; and held the final revocation hearing without him being present. He requests that the Court order the Board to give him a proper final revocation hearing which complies with due process and the Commonwealth's own regulatory and statutory procedures. Wall seeks to dismiss Farland's complaint on the grounds that his claims are not cognizable under Section 1983 because of the favorable termination rule enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and/or because he is entitled to quasi-judicial immunity.

## *Standard of Review*

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556).

Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief."  *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted).  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernàndez v. Fortuño-Burset,* 640 F.3d 1, 13 (1st Cir. 2011).

### *Whether The Complaint Must Be Dismissed*

To the extent that Farland is asserting that Wall and the Board violated Massachusetts state law and the Massachusetts Declaration of Rights, his claim is barred under the doctrine of sovereign immunity: "[I]t is well established 'that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment.'". *Wilborn v. Walsh*, 584 F. Supp. 2d 384, 391 (D. Mass. 2008).  Claims for declaratory relief are similarly barred. *Id.*  As to Farland's Section 1983 claim for deprivation of his liberty interest in violation of the Fourteenth Amendment, Wall asserts that this claim is barred because the Federal Court Improvement Act of 1996 ("FICA") amended Section 1983 to bar claims for injunctive relief against Board members.  Wall further asserts that Farland's Section 1983 claim is barred under *Heck's* so-called "favorable termination rule."

Wall is correct that to the extent that Farland seeks injunctive relief, his Section 1983 claim is barred as long as the relief sought relates to actions taken by Wall and the Board within the scope of their official duties. *See Crotty v. Massachusetts Parole Bd.,* No. CIV.A. 10-40245-FDS, 2012 WL 3628904, at *4 (D.Mass. Feb. 23, 2012) (First Circuit has determined that parole board members perform quasi-judicial functions when deciding whether to grant, deny or revoke parole; FICA amended Section 1983 to provide that "in any action brought against a judicial officer for an

act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Because the allegations in the amended complaint clearly establish that Farland's request for injunctive relief relate to actions taken by Wall within the scope of his official duties as chairman of the Board, his Section 1983 claim for injunctive relief is barred. All that remains of Farland's Section 1983 claim, therefore, is his request for declaratory relief.

In his prayer for relief, Farland essentially requests that this Court declare that his revocation proceedings were invalid, that is, he is questions the validity of his continued incarceration. In *Heck*, the Supreme Court held that an inmate's Section 1983 claim for damages or equitable relief is barred unless he can demonstrate that his conviction or sentence has been invalidated. 512 U.S. at 486-87, 114 S.Ct. 2364. *Heck's* so-called "favorable termination rule" applies "no matter the target of the prisoner's suit … if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242. Farland does not allege that the revocation of his parole has been reversed on direct appeal, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. For that reason, under *Heck*, Farland's Section 1983 claim is not cognizable . *See White v. Gittens*, 121 F.3d 803 (1st Cir. 19970; *Connolly v. Arroyo*, 293 F. App'x 175, 177-78 (3d Cir. 2008).[3]

## Conclusion

It is hereby Ordered that the:

1. Defendant's Motion To Dismiss Complaint (Docket No. 9) is ***allowed***;

---

[3] Farland's claim is more appropriately brought by way of petition for writ of habeas corpus.

7

2. Motion For Leave To Amend Complaint In Part, *i.e..*, Relief Requested (Docket No. 11) is ***allowed***;

3. Motion For The Courts Acceptance Of Exhibits In Support Of Complaint And Memorandum Of Law (Docket No. 14) is ***allowed***;

4. Motion Requesting The Court To Take Action And Respond To The Complaint Or Grant Notice Of Voluntary Dismissal (Docket No. 21) is ***denied***, as moot.

The motion to dismiss having been allowed, the case shall be closed.[4]

                                              **/s/ Timothy S. Hillman**
                                              **TIMOTHY S. HILLMAN**
                                              **DISTRICT JUDGE**

---

[4] In his motion seeking court action or voluntary dismissal, Farland requests that the complaint be dismissed without prejudice to him re-filing the complaint in the future. In support of this request, he indicates that he is presently seeking an attorney to assist him with his parole issues. He has also raised a number of other concerns which he would like the Court to consider in allowing his request that the dismissal be without prejudice. While I have denied this motion as moot, I am dismissing Farland's complaint, as amended, without prejudice.